J-A03003-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| ALICIA SANCHEZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGA NOUNIR ABOUELSAAD  AND | : | No. 1192 EDA 2025 |
| NADA ADEL ABDELKHALEK | : | |

Appeal from the Judgment Entered June 10, 2025
In the Court of Common Pleas of Northampton County Civil Division at
No(s):  C-48-CV-2023-00934

BEFORE:   BOWES, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 18, 2026**

Alicia Sanchez appeals from the judgment entered on the non-jury verdict in her favor of on a claim for unjust enrichment, but in favor of Anga Nounir Abouelsaad and Nada Adel Abdelkhalek on Sanchez's ejectment claim. We affirm.

Given our disposition, we do not recount the history of this case in detail. Briefly, Carlos Ignacio Sanchez ("Decedent") was married to Abouelsaad, and had four adult children, including Sanchez, from prior relationships.  Decedent owned a property in Easton, Pennsylvania ("the property").  After he died in 2022, Abouelsaad continued to reside in the property with her daughter, Abdelkhalek.

_____

[*] Retired Senior Judge assigned to the Superior Court.

In January 2023, Sanchez recorded a photocopy of a deed purporting to convey the property to Sanchez. She then initiated this action to remove Abouelsaad and Abdelkhalek from the property and recover the value of their use of the property. Abouelsaad claimed that the deed was forged and sought punitive damages and counsel fees. The matter proceeded to a non-jury trial, featuring the testimony of the parties, Decedent's other children, competing handwriting experts, and a police detective who investigated the allegations of forgery.

Ultimately, the court found that the deed was forged, such that Sanchez was not entitled to possession of the property. However, the court did not find that it was Sanchez who created the forgery or that she acted in bad faith, thus it declined to grant Abouelsaad fees or punitive damages. Further, the court concluded that Abouelsaad had been unjustly enriched by residing at the property without paying the outstanding mortgage or expenses related to it. Accordingly, it awarded Sanchez the amount she had paid for the property's maintenance.

This timely appeal followed.[1] The trial court ordered Sanchez to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and she timely

_____

[1] A series of procedural irregularities followed the entry of the court's verdict. The premature entry of judgment leading to a prior appeal that this Court quashed, this Court's ordering reinstatement of the parties' rights to file post-trial motions on remand, and a premature appeal from the denial of those
*(Footnote Continued Next Page)*

responded.[2]  Sanchez raises two claims of error in this Court:  (1) "The [trial] court erred in declaring the deed invalid as a forgery and in denying the plaintiff's post-trial motion[;]" and (2) "The [trial] court erred by not awarding the plaintiff unjust enrichment damages based on the fair market value of the property."[3]  Sanchez's brief at i.[4]

Our standard of review of the non-jury verdict requires us to "determine whether the findings of the trial court are supported by competent evidence and whether the trial judge committed error in the application of law." **Odedeyi v. Wells Fargo Bank**, 319 A.3d 610, 612 (Pa.Super. 2024) (cleaned

_____

motions prior to entry of judgment on the verdict, it has been a circuitous journey to this resolution of this matter.

[2] We remind the trial court that Rule 1925(b) orders must indicate the addresses to which the statement may be mailed and hand delivered, and provide notice that failure to comply with the order "shall," not "may," result in waiver.  **See** Pa.R.A.P. 1925(b)(3)(iii)-(iv).

[3] Sanchez also submitted a will for probate that named her as executor and sole heir, and Abouelsaad challenged the authenticity of that document as well.  The orphans' court heard that matter simultaneously with the instant ejectment action and likewise found the will to have been forged.  It therefore declared Decedent to have died intestate, granted Abouelsaad her spousal share of the estate, and declared Sanchez and her three siblings were each entitled to one-eighth shares.  Sanchez appealed and leveled challenges similar to those raised herein, which this Court rejected, affirming the court's finding that Abouelsaad had proven forgery by clear and convincing evidence. **See In re Estate of Sanchez**, 348 A.3d 722, 2025 WL 2631586 (Pa.Super. 2025) (non-precedential decision).

[4] We have taken these issues from the table of contents of Sanchez's brief as second issue appears to have been inadvertently omitted from her statement of questions.  **See** Sanchez's brief at 2.

- 3 -

up). "Additionally, findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed absent error of law or abuse of discretion." *Id*. (cleaned up).

Upon review of the applicable law, the parties' briefs, and the certified record, and we affirm the judgment on the basis of the well-reasoned opinion that Honorable Michael J. Koury, Jr., entered on October 29, 2024. Specifically, as for the claim of forgery, Judge Koury thoroughly reviewed the trial evidence, properly acknowledged the applicable law and burden of proof, and thoughtfully explained his reasons for crediting Abouelsaad's clear and convincing evidence while finding Sanchez and her expert incredible. *See* Trial Court Opinion, 10/29/24, at 11-27. *Accord Estate of Sanchez*, 2025 WL 2631586, at *13 (holding that Judge Koury's assessment of the witnesses and his finding that Decedent's will was a forgery was supported by the record).

Further, since Sanchez was not the sole owner of the property, and indeed Abouelsaad held a substantially greater interest in Decedent's estate than she, the trial court reasonably declined to find that Abouelsaad had unjustly retained the full fair market rental value of the property, instead relying upon the amount of Sanchez's out of pocket expenses to assess the value of the benefit Sanchez had conferred. *See* Trial Court Opinion, 10/29/24, at 27-28.

Therefore, we conclude that the trial court's verdict was supported by competent evidence and reflected no error of law, and affirm the judgment on the basis of its October 29, 2024 opinion, which the parties shall attach hereto in the event of further proceedings.

Judgment affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/18/2026